HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TISHA E RENNER,

                Plaintiff,

v.

OFFICER SULLIVAN,

                Defendant.

CASE NO. C17-5928RBL

ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

THIS MATTER is before the Court on Plaintiff Renner's Motion for Leave to Proceed in forma pauperis, supported by her proposed complaint. An earlier attempt was denied and eventually dismissed [*See* Cause # 17-cv-5241RBL]

THEn, as now, Renner complains that she was wrongly arrested at Heritage Park in Puyallup and sent to Good Samaritan Hospital in August 2016. She complains that she was not doing anything, but also concedes that she was involuntarily committed for almost three weeks starting the day of her arrest. In any event, her primary complaint is that the responding officers failed to ask her six year old son where he lived, when he lived right across the street from Heritage Park. Instead he ended up with Child Protective Services. The gist of her complaint appears to be that her son should have been permitted to go home, though it is not clear whether

someone was there to take care of him in his mother's absence. She also complains that the child was taken into "dangerous electricity." Renner also alleges wrongful arrest and police misconduct in violation of the RCWS.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995

(9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.")

Renner's complaint does not meet this standard, especially not with respect to the claims she seeks to assert on her son's behalf. Although a non-attorney may appear *in propria persona* in her own behalf, that privilege is personal to her. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966). She has no authority to appear as an attorney for others than herself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C.Cir.1953), *cert. denied*, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954). The real party in interest must be the person who "by substantive law has the right to be enforced." *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966) (the privilege to represent oneself *pro se* provided by section 1654 is personal to the litigant and does not extend to other parties or entities). A non-lawyer representative cannot litigate claims that are not personal to her.

Thus, Renner cannot pursue claims on her child's behalf in this or any Court.

Furthermore, she has not identified the officers who she claims "wrongfully arrested" her and her claim that she was not doing anything is belied by her admission that she was involuntarily committed that day. She has still alleged only violations of state law, and has not described the basis for this Court's jurisdiction over the case or the defendants.

The Motion for Leave to Proceed in forma pauperis is therefore **DENIED**. Renner shall pay the filing fee or submit a proposed amended complaint within **21 days**, or the matter will be dismissed.

Any proposed amended complaint must assert claims on her own behalf, only; if she intends to assert claims on the child's behalf she must have an attorney do so. If he intends to

1 | assert claims on her own behalf, she must identify the basis for this court's jurisdiction over the
2 | case, and identify the officers that she is suing, and the duty to her that she claims they breached.
3 | The complaint does not have to be on the court-provided pre-printed form; writing (or preferably
4 | typing) on blank paper will suffice.

    IT IS SO ORDERED.

    Dated this 15th day of February, 2018.

*[signature]*

Ronald B. Leighton
United States District Judge